[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDINGS OF FACT AND CONCLUSIONS OF LAW
Count One
The court finds that the parties entered into a written contract for the purchase and sale of real estate on July 15, 1975. The court further finds that any action on this contract is barred by the six year statute of limitations found in Connecticut General Statute § 52-576. Further, this contract was superseded by the execution of a new contract covering the same matter dated December 31, 1975.
Count Two
CT Page 8277
The court finds that the parties entered into a second written purchase and sales agreement with a closing date of December 31, 1975. The court finds that any action on this contract is barred by the six year statute of limitations found in Connecticut General Statute § 52-576.
Count Three
The court finds that the plaintiff had discussions with the defendant's attorney concerning a third contract in December of 1982. The court further finds that this third contract was never signed by the plaintiff or the defendant and in fact there was no meeting of the minds. Accordingly, there was no contract.
Count Four
The court finds that any CUTPA violation as alleged in count four is barred by the three year statute of limitations relative to CUTPA claims. The latest possible date for statute for limitations purposes was the time of the transactions which occurred in December of 1982. The court further finds that the conduct at issue involves a one time sale of a private residence. CUTPA is not applicable to this type of one time sale by private parties. There is no evidence that the sale of residences was the defendant's trade or business. The court finds no continuing course of conduct, nor breach of duty that remained in existence after the original "wrong".
Count Five
The court finds that any claim for specific performance based on a claim of partial performance is time barred by § 47-33a of the Connecticut General Statutes. The court finds that both of the 1975 contracts contained closing dates. The 1982 contract, which the court has found to be invalid, contained no closing date. The plaintiff is at least 12 years late in initiating a cause under either of the 1975 contracts. The court further finds that the alleged partial performance taken by the plaintiff was in no way related to the performance under the sales contract. Repairs and improvements form no part of the bargained for consideration.
Count Seven
The court finds no "clear and convincing" evidence of the CT Page 8278 fraud alleged in count seven. Further, the court finds no direct proof of malicious intent or misrepresentations. The court does find that any claim, as set forth in count seven, would be barred by the three year statute of limitations applicable to tort actions.
Count Eight
The court does not find the existence of a constructive trust as alleged in count eight. The plaintiff has failed to make out a prima facie case. The law prohibits constructive trust for the improvement of real estate. No fiduciary relationship is shown to have existed between the parties.
Count Six
The court finds that the plaintiff has prevailed in count six, a claim for unjust enrichment. The plaintiff has satisfied the three elements of unjust enrichment. 1. The defendants were benefited because their property was maintained and improved by the plaintiff. 2. These benefits were not paid for by the defendants. The plaintiff paid the full rent set by the defendant whether or not that rent was below market value. 3. The failure of the defendant to pay for the maintenance and improvement operated to the detriment of the plaintiff. The defendants were aware, at least in a general way, of the benefits being conferred upon them and their property. The court further finds that because unjust enrichment is an equitable action there is no statute of limitations. The defense of laches could be available. The court finds that the plaintiff, Mrs. McNeil, believed that she had a contractual right to purchase the property. For an extended period of time, the defendants likewise believed Mrs. McNeil had a contractual right to purchase the property. Notwithstanding the fact that the belief on behalf of all parties was either in error or time barred, because of this belief in McNeil's right to purchase, the court finds that the plaintiff's delay in instituting an action for unjust enrichment was not unreasonable, unexcusable or prejudicial.
The court has allowed some of the claims submitted by the plaintiff in Count Six and disallowed others as not being reasonably of benefit to the defendants.
The court finds for the defendant on Counts One, Two, Three, Four, Five, Seven and Eight. CT Page 8279
The court finds for the plaintiff on the counterclaim and on Count Six in the amount of $2,674.34.
The court's figures itemized by year are as follows:
1977 $1,027.20 less rent credits of $220. total due $ 807.20 1978 $2,159.63 less rent credits of 0 total due $2,159.63 1979 $1,416.87 less rent credits of 0 total due $1,416.87 1980 $1,523.05 less rent credits of 0 total due $1,523.05 1981 0 less rent credits of 0 total due 0 1982 $2,421.67 less rent credits of 0 total due $2,421.67 1983 $3,741.00 less rent credits of $ 75. total due $3,666.00 1984 0 less rent credits of 0 total due 0 1985 $1,218.05 less rent credits of $233.05 total due $ 985.00 1986 $1,862.34 less rent credits of 0 total due $1,862.34 1987 $1,268.43 less rent credits of 0 total due $1,268.43 1988 $ 212.00 less rent credits of 0 total due $ 212.00 1989 $1,727.00 less rent credits of 0 total due $1,727.90 1990 0 less rent credits of 0 total due 0 1991 0 less rent credits of 0 total due 0 1992 0 less rent credits of 0 total due 0 1993 $2,593.25 less rent credits of 0 total due $2,593.25 1994 0 less rent credits of 0 total due 0 1995 $ 40.00 based upon supplemental evidence admitted at hearing on July 11, 1995.
By the Court Kevin E. Booth, Judge